**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRETT JOHNSON, | No. 13-17617 |
| Plaintiff - Appellant, | D.C. No. 5:12-cv-03691-LHK |
| v. | |
| SAN BENITO COUNTY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted February 10, 2016[**]
San Francisco, California

Before: SILVERMAN, FISHER, and TALLMAN, Circuit Judges.

Brett Johnson appeals the district court's grant of summary judgment in

favor of San Benito County and two San Benito County Sheriff's Department

Officers, Undersheriff Patrick Turturici and Sergeant Tony Lamonica (collectively,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

"Officer Defendants"), on all of Johnson's causes of action brought pursuant to 42 U.S.C. § 1983. We have jurisdiction over the appeal under 28 U.S.C. § 1291. Reviewing the district court's grant of summary judgment and its qualified immunity determinations de novo, *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013), we affirm.

The district court granted summary judgment for the Officer Defendants under the first of the two prongs of the qualified immunity analysis, concluding that the facts, taken in the light most favorable to Johnson, do not show that the Officer Defendants' conduct violated any of Johnson's constitutional rights. *See Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1160 (9th Cir. 2014) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

Johnson argues that the district court erred in concluding that probable cause existed to support Lamonica's determination that the child abuse allegations were "substantiated." He contends the district court failed to draw all reasonable inferences in his favor when it concluded that a reasonable officer could have determined there was a substantiated claim of child abuse based on the undisputed facts. In particular, he argues that his privilege to discipline his son precludes summary judgement because it raises a dispute of material fact.

Johnson's argument incorrectly conflates the summary judgment and qualified immunity standards. The question before the district court was not whether there was a dispute of fact as to whether the privilege may have applied, but merely whether a reasonable officer could have found probable cause to believe Johnson had committed child abuse. Even assuming without deciding that Johnson is correct in arguing the absence of disciplinary intent is an element of Cal. Penal Code § 273d, the district court did not err in concluding Lamonica had probable cause to find the allegations substantiated. Here, the undisputed facts show that Johnson and his son engaged in a physical altercation and that his son was injured as a result. These facts are sufficient to support a finding of probable cause, which requires "[n]either certainty, nor proof beyond a reasonable doubt," but only "reasonably trustworthy information sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense." *United States v. Harvey*, 3 F.3d 1294, 1296 (9th Cir. 1993) (quoting *United States v. Del Vizo*, 918 F.2d 821, 825 (9th Cir. 1990)).

The district attorney's independent decision to prosecute poses an additional impediment to Johnson's claims. Johnson points to no evidence that calls into question the veracity of the district attorney's testimony that she received and reviewed both the initial incident report prepared by the responding deputy, Marc

Williams, and Lamonica's supplemental incident report. Williams's report documents the statement he obtained from Johnson, including Johnson's description of his son as defiant and Johnson's explanation of his conduct as an effort to discipline his son. Johnson identifies no factual dispute that undermines the district attorney's testimony that her charging decision was made without reference to any of the allegedly tampered evidence. The district court therefore did not err in concluding that Johnson identified no conduct by the Officer Defendants that deprived Johnson of his Fourth Amendment rights. *Cf. Beck v. City of Upland*, 527 F.3d 853, 864 (9th Cir. 2008) (explaining that "the plaintiff must prove the absence of probable cause to rebut the presumption of independent prosecutorial judgment, when a prosecutor's actions are interposed between the actions of investigating officials and the arrest").

Johnson also challenges several aspects of the district court's grant of summary judgment in favor of the Officer Defendants on his Fourteenth Amendment claims that allege substantive due process violations, including his claims that the Officer Defendants violated his rights by causing his inclusion on California's Child Abuse Central Index (CACI) or his employer's *Brady* list. To establish a substantive due process claim, a plaintiff must show both a government deprivation of life, liberty, or property, and conscience-shocking conduct by the

government. *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). The undisputed facts show nothing more than that, in response to a call from Johnson's ex-wife, Turturici asked Lamonica to review the case. Lamonica reviewed Williams's initial written reports, conducted additional interviews to confirm the accuracy of the witnesses' reporting, and reported his own findings. As discussed above, Lamonica's subsequent decision to indicate that the abuse allegations were "substantiated" was supported by probable cause. In short, because the Officer Defendants acted reasonably, the district court did not err in concluding that Johnson's contentions are insufficient to create a genuine issue of material fact as to whether there was a substantive due process violation. *See id.* at 998 ("[A]s long as [an officer]'s actions were objectively reasonable, his subjective intent is irrelevant.").

Johnson also challenges the district court's grant of summary judgment in favor of the Officer Defendants on his Fourteenth Amendment tampered-evidence claim, arguing that the district court failed to recognize that he came forward with evidence, albeit disputed, that Lamonica altered the audio tape of Williams's initial interview of Johnson, and did so with a purpose to harm. Even assuming the alleged evidence tampering occurred, there is no evidence suggesting that the district attorney listened to the audio recording at any point before filing the

criminal complaint charging Johnson. The district court therefore correctly concluded that the Officer Defendants are entitled to summary judgment because the record is devoid of evidence of a causal nexus between the alleged tampering and any tangible harms purportedly suffered by Johnson. *Cf. McSherry v. City of Long Beach*, 584 F.3d 1129, 1136–47 (9th Cir. 2009).

Johnson further contends that the district court erred in granting summary judgment for the Officer Defendants on his First Amendment claim that their conduct inhibited his future ability to petition the family court for modifications to the family's custody arrangements. However, there is no evidence that the Officer Defendants undertook the challenged conduct for the purpose of chilling Johnson's First Amendment rights. *Ford v. City of Yakima*, 706 F.3d 1188, 1193 (9th Cir. 2013). Nor is there any evidence that Johnson's access to the court was impaired in any way.

Finally, the district court properly concluded that no *Monell* liability can lie absent a finding of a constitutional violation by the Officer Defendants. *See Quintanilla v. City of Downey*, 84 F.3d 353, 355 (9th Cir. 1996).

**AFFIRMED.**